IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALEB KANATZAR,

            Plaintiff,

      vs.                                           Case No. 17-3115-SAC

BRIAN COLE, TIMOTHY PHELPS,
CAPTAIN RUCKER, and
MARY FLETCHER,

            Defendants.

MEMORANDUM AND ORDER

      The plaintiff Caleb Kanatzar, a pretrial detainee at the Shawnee

County Department of Corrections ("SCDC"), in Topeka, Kansas, filed a 29-

page complaint alleging 10 claims for relief under 42 U.S.C. § 1983. He

named as defendants, Brian Cole, as director of SCDC; Timothy Phelps, an

SCDC officer; Captain Rucker, an SCDC officer; and Mary Fletcher, a food

services supervisor at SCDC. ECF# 1. This complaint read like a summary of

isolated administrative grievances against SCDC officials, and it was largely

deficient in alleging constitutional violations. The court applied the required

screening standards, dismissing some of the claims and requiring the

plaintiff to file an amended complaint upon court-approved forms. This

amended complaint was to cure all pleading deficiencies noted by the court,

and it was to incorporate all the plaintiff's claims remaining from the original

1

complaint and any claims that the plaintiff intended to pursue by his motion
to amend.  In receipt of Mr. Kanatzar's amended complaint, the court applies
the screening standards set out below.

**Statutory Screening of Prisoner Complaints**

A court must screen prisoners' complaints which seek relief
against a governmental entity or an officer or an employee of a
governmental entity. 28 U.S.C. § 1915A(a). The screening court must
dismiss the entire complaint or any part of it, if it "is frivolous, malicious, or
fails to state a claim upon which relief can be granted; or . . . seeks
monetary relief from a defendant who is immune from such relief." 28 U.S.C.
§ 1915A(b).

"To state a claim under § 1983, a plaintiff must allege the
violation of a right secured by the Constitution and laws of the United
States, and must show that the alleged deprivation was committed by a
person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48
(1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523
(10th Cir. 1992). In addressing a claim brought under § 1983, the analysis
begins by identifying the specific constitutional right allegedly infringed.
*Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim
then must be judged by reference to the specific constitutional standard
which governs that right. *Id*.

2

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). The Tenth Circuit has made clear, "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown*

3

*B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

**Amended Complaint**

Mr. Kanatzar's amended complaint narrows his claims to three counts under 42 U.S.C. § 1983 against the same four defendants, Brian Cole, SCDC Director, Timothy Phelps, SCDC Major, Captain Rucker, SCDC officer, and Mary Fletcher, food services supervisor at SCDC. He seeks only injunctive relief. For his first count, Mr. Kanatzar alleges he requested a Kosher diet and was placed on SCDC's certified religious diet plan one week later. However, he has been "made aware that" SCDC "does not maintain a separate Kosher kitchen" and so he concludes that his meals are not being prepared according to his religion's tenets that require using containers and utensils that have never held non-Kosher food. ECF# 7. As far as actions taken by the individual defendants, Mr. Kanatzar alleges he submitted requests that his meals be prepared in a manner "keeping Kosher" to Major Phelps, and his request was not acknowledged or answered so he filed another request and grievance. ECF# 7, p. 7. He further alleges submitting similar requests to the defendants Cole and Fletcher and receiving no answer or acknowledgment *Id.* There are no allegations against the defendant Rucker in this count. The plaintiff asserts the defendants violated his rights under the First and Fourteenth Amendment to pursue his sincerely-held religious beliefs.

4

For his second count, Mr. Kanatzar alleges he has been denied adequate exercise opportunities while in segregation. Released from segregation in July 18, 2017, Mr. Kanatzar alleges he returned to segregation on November 13, 2017, and then requested from Captain Rucker that exercise equipment be placed in the segregation recreation cages. When his request was not answered or acknowledged, he filed with Director Cole a grievance which also was not answered or acknowledged. He asserts this denial of exercise equipment violates his Eighth Amendment right against cruel and unusual punishment.

For his third count, Mr. Kanatzar alleges he is denied "hot or warm water for shaving and washing" in the segregation unit. ECF# 7, p. 8. As for showers, he alleges that "[s]egregation inmates are only allowed showers on Monday, Wednesday, and Friday and provided access to only very poor quality soap." *Id.* He alleges sending requests to Captain Rucker and Director Cole for hot water in the segregation cells and then filing a grievance when his requests were not answered. He asserts the denial of hot water for shaving and washing violates his Eighth Amendment right against cruel and unusual punishment.

**Personal Participation of Defendants**

Mr. Kanatzar has alleged a sufficient basis for personal participation on behalf of Director Cole for all three counts, on behalf of Major Phelps for count one, on behalf of Supervisor Fletcher for count one,

and on behalf of Captain Rucker for counts two and three. The defendants are respectively dismissed from the other counts for failure to allege their personal involvement.

**Count One—Failure to Maintain a Separate Kosher Kitchen**

The plaintiff's amended complaint does not cure the failure to allege any personal involvement by Captain Rucker. Because the plaintiff has been careful to allege a claim based on what he "was made aware of" and not on what he personally knows about how SCDC prepares his food to "keep Kosher," the court shall order a *Martinez* report. The plaintiff's allegation suggests speculation, and there are no specific supporting allegations to cure this deficiency. The Court finds the proper processing of this claim cannot be achieved without additional information from appropriate officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). In *pro se* prisoner litigation, the Tenth Circuit endorses the ordering of a "Martinez report" where corrections officials undertake an investigation of the events at issue and construct an administrative record from that investigation. *Id.* at 319. "The purpose of a *Martinez* report is to 'develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims.'" *Breedlove v. Costner*, 405 Fed. Appx. 338, 343 (10th Cir. 2010) (unpub.), *cert. denied*, 563 U.S. 965 (2011) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)). The court finds that proper processing of plaintiff's claim here cannot be achieved without additional

6

information from appropriate officials of SCDC about the matters alleged in the first count of Mr. Kanatzar's amended complaint.

**Count Two—Failure to Provide Adequate Exercise Equipment in Segregation's Recreation Cage**

The plaintiff alleges a right under the Eighth Amendment to have exercise equipment in the segregation recreation cages. "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). "Although we have never expressly held that prisoners have a constitutional right to exercise, there can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment prohibited by the Eighth Amendment." *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343, 349–54 (1996). *See also Fogle v. Pierson*, 435 F.3d 1252, 1259–60 (10th Cir.)(ruling that allegedly "being denied all outdoor exercise for the three years he was in administrative segregation" states an Eighth Amendment claim), *cert. denied*, 549 U.S. 1059 (2006). "We recognize . . . that what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates." *Housley v. Dodson*, 41 F.3d at 599. *See Perkins v. Kan. Dept. of Corrections*, 165 F.3d

7

803, 810 n.8 (10th Cir. 1999)("What constitutes adequate exercise will depend on the circumstances of each case," and "penological considerations may, in certain circumstances, justify restrictions."). As the Tenth Circuit has stated, "[although] one hour per week . . . of . . . exercise and fresh air is still restrictive, we cannot say, without more, that it fails to satisfy the demands of the Eighth Amendment." *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987).

The court's prior order pointed out that the plaintiff's allegations failed to allege with specificity the denial of exercise opportunities that would approach a constitutional violation. He has not alleged any additional circumstances to support an Eighth Amendment violation other than having been returned to segregation and there being denied exercise equipment again. *See Slappy v. Frizzell,* 5:14-CV-P185-GNS, 2015 WL 236921, at *4 (W.D. Ky. Jan. 16, 2015) (The allegation of being denied exercise equipment does not state a § 1983 claim); *Cooper v. CDCR*, No. 2:13-CV-01233 DAD P., 2014 WL 1125301, at *3 (E.D. Cal. Mar. 20, 2014)("[M]erely denying prisoners access to exercise equipment, by itself, is not a sufficiently serious deprivation to give rise to a violation of the Eighth Amendment. *East v. California Dept. of Corrections*, No. 1:09-CV-01739-DLB P, 2010 WL 346880 at *3 (E.D. Cal. Sept. 1, 2010)."); *cf. Jordan v. Rowley*, 1:16-CV-1261, 2017 WL 2813294, at *3 (M.D. Pa. June 29, 2017) (citing *Austin v. Guarini*, 1997 WL 47566 (E.D. Pa. 1997) (finding no Eighth Amendment violation where

the prisoner was deprived of the opportunity to use the exercise equipment

in the gymnasium). The court dismisses this claim.

**Count Three--Access to Hot Water within Segregation Cell**

A fair reading of Mr. Kanatzar's amended complaint is that he is

receiving hot showers three days a week, but that he does not have hot

water within his segregation cell for shaving and washing. Thus, this case is

unlike those where the courts have "found that a regimen of cold showers

may constitute a constitutional violation." *See Gipson v. Paquin*, 2014 WL

11395455, at *5 (E.D. Wis. Mar. 25, 2014) (citing *Tapia v. Sheahan,* No. 97-

5737, 1998 WL 919709, at *5 (N.D. Ill. Dec. 30, 1998); *Gordon v. Sheahan,*

No. 96-1784, 1997 WL 136699, at *7 (N.D. Ill. Mar. 24, 1997)) (both cases

also involved lack of heat as an additional confinement condition). "Because

routine discomfort is part of the penalty that criminal offenders pay for their

offenses against society, only those deprivations denying the minimal

civilized measure of life's necessities' are sufficiently grave to form the basis

of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9

(1992)(internal quotation marks and citations omitted). Thus, to meet the

objective component of an Eighth Amendment conditions-of-confinement

claim, "extreme deprivations are required." *Id.* at 8-9. Having to use cold

water to shave and to wash your hands and face is not sufficiently severe or

serious as to arguably constitute the denial of the minimal civilized measure

of life's necessities. Combining this with the denial of exercise equipment

does not produce the deprivation of an "identifiable human need such as food, warmth, or exercise." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (internal quotation marks and citation omitted). The Eighth Amendment does not entitle inmates to the "'amenities, conveniences and services of a good hotel.'" *Murnahan v. Daily*, 1990 WL 203139, at *3 (D. Kan. Nov. 28, 1990) (quoting *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988)). The court dismisses count three for failure to allege an Eighth Amendment violation.

IT IS THEREFORE ORDERED that counts two and three of the plaintiff's amended complaint are dismissed for failure to state a claim upon which relief can be granted, and the defendant Rucker who was named as a defendant on only these two counts is dismissed as a party

IT IS FURTHER ORDERED that,

(1)    The clerk of the court shall prepare waiver of service forms for Brian Cole, Director of SCDC; Timothy Phelps, Major of SCDC; and Mary Fletcher, Food Service Supervisor of SCDC, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon them at no cost to plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court. The answer or other responsive pleading shall be filed within thirty (30) days after the *Martinez* report is filed.

(2)     Officials responsible for the operation of the SCDC, namely Director Brian Cole, are directed to undertake a review of the subject matter of the amended complaint and specifically the allegations in count one:

a.     To ascertain the facts and circumstances;

b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

c.     To determine whether other like complaints, whether pending in this court or elsewhere, are related to this amended complaint and should be considered together.

(3)     Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(4)     Authorization is granted to the officials of the SCDC to interview all witnesses having knowledge of the facts, including the plaintiff.

(5)     No answer or motion addressed to the amended complaint shall be filed until the *Martinez* report required herein has been prepared.

(6)     Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the

report ordered herein. This action is exempted from the requirements

imposed under Fed. R. Civ. P. 26(a) and 26(f).

Dated this  9th day of March, 2018, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge