IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CALEB KANATZAR,

     Plaintiff,

vs.              Case No. 17-3115-SAC

BRIAN COLE, TIMOTHY PHELPS,
CAPTAIN RUCKER, and
MARY FLETCHER,

     Defendants.

MEMORANDUM AND ORDER

  The plaintiff Caleb Kanatzar, a pretrial detainee at the Shawnee County Department of Corrections ("SCDC"), in Topeka, Kansas, filed last year a 29-page complaint alleging 10 claims for relief under 42 U.S.C. § 1983. ECF# 1. The court applied the screening standards to this complaint dismissing some of the claims and requiring the plaintiff to file an amended complaint upon court-approved forms. ECF# 6. Upon receipt of the amended complaint, the court again applied the screening standards and dismissed two of the three remaining counts and one of the defendants. ECF# 8. The court also directed the SCDC defendants to prepare a *Martinez* report on Mr. Kanatzar's remaining count that alleged he "was made aware of" the SCDC not preparing his requested kosher meals according to his religion's tenets for "keeping kosher," that is, in a separate kitchen with containers and

1

utensils which have never held non-Kosher food. ECF## 7 and 8. The defendants, Brian Cole, Timothy Phelps, and Mary Fletcher timely filed the *Martinez* report. ECF# 13. A month later, the defendants filed their motions to dismiss for failure to state a claim. ECF## 14 and 15. Mr. Kanatzar has filed no response to the *Martinez* report. More importantly, the time for filing responses opposing the defendants' motions to dismiss has expired without Mr. Kanatzar filing anything. Following its local rules, the court will consider and decide without further notice the defendants' pending motions to dismiss as uncontested. D. Kan. Rule 7.4(b). As the Tenth Circuit has held, this court may not grant a motion to dismiss simply for the lack of an opposing response, but it must still apply the Rule 12(b)(6) standards against the allegations of the complaint. *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003).

The Tenth Circuit recently summarized the relevant standards governing a court's analysis of a Rule 12(b)(6) motion for failure to state a claim for relief:

> "A pleading is required to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)). "We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the" plaintiff. *Id.* (quoting *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)). We then "determine whether the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'" *George* [*v. Urban Settlement Servs.*], 833 F.3d [1242] at 1247 [(10th Cir. 2016)] (quoting *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014)).

> "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard [does not] require a plaintiff to 'set forth a prima facie case for each element.'" *Id.* (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192–93 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). But "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Id.* at 1214 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, a "claim is facially plausible if the plaintiff has pled 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *George*, 833 F.3d at 1247 (quoting *Hogan*, 762 F.3d at 1104, which in turn quotes *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).
>
> However, "when legal conclusions are involved in the complaint[,] 'the tenet that'" we accept the allegations as true "is inapplicable to [those] conclusions." *Shields*, 744 F.3d at 640 (second alteration in original) (citation omitted).

*Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

Count one of Mr. Kanatzar's amended complaint is the only claim remaining in this action. He claims the denial of his rights under the First and Fourteenth Amendments for the defendants' failure to provide him a kosher diet. He specifically alleges that he requested a kosher diet and was placed on SCDC's certified religious diet ("CRD") plan one week later. However, he has since been "made aware that" SCDC "does not maintain a separate kosher kitchen," that "SCDC uses the same pots, pans and utensils to prepare both CRD and regular trays." ECF# 7. As far as the actionable conduct taken by the individual defendants, Mr. Kanatzar alleges he submitted separate requests for his meals to be prepared in a manner "keeping kosher" first to Major Timothy Phelps in March and April, then a separate request to "Food Service Supervisor Mary Fletcher," and finally a request to Director Brian Cole in May. *Id*. He alleges his requests were not acknowledged or answered. The plaintiff asserts the defendants violated his

rights under the First and Fourteenth Amendment to pursue his sincerely-held religious beliefs.

"Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Id*. at 1069 (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)). Liability under § 1983 does not come from a supervisory status alone, for "there must be an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id*. (internal quotation marks and citation omitted). "In order to state a claim that defendants violated his right to free exercise of religion, Gallagher [the inmate] must adequately allege that the defendants substantially burdened his sincerely-held religious beliefs." *Id.* (internal quotation marks and citation omitted).

The plaintiff's central allegation is that the defendants did not answer or respond to his requests for his CRD meals to be prepared according to kosher requirements. He does not allege facts demonstrating the defendants personally participated in preparing, directing, supervising or controlling the preparation of the CRD meals in compliance with any kosher food preparation requirements. Instead, the plaintiff alleges no more than

5

his requests were not acknowledged or responded to. As the Tenth Circuit has held, this is not enough to state a claim:

> Taking these allegations as true, defendants' actions were, at most, isolated acts of negligence, not pervasive violations of Gallagher's right to free exercise of religion. We agree with our previous, unpublished decision recognizing that an isolated act of negligence would not violate an inmate's First Amendment right to free exercise of religion. *See White v. Glantz*, 986 F.2d 1431 (Table), 1993 WL 53098, at *2 (10th Cir. Feb. 25, 1993) (unpublished) ("Although the Plaintiff was most certainly annoyed and exasperated, [the] isolated negligent act of the Defendants cannot support a claim that the Plaintiff was denied his First Amendment right to freedom of religion."); *see also Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir.2006) ("[Plaintiff] must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983."). Gallagher's allegation that defendants Geither and Penner did not timely approve his requests for religious accommodations does not support a claim that the defendants substantially burdened his religious beliefs, i.e., that they violated his right to free exercise of religion. Therefore, Count I was properly dismissed for failure to state a claim.
> In Count II of his complaint, Gallagher claimed that Growell and Ratliff violated his right to free exercise of religion by denying him his right to a kosher diet. Gallagher alleged that his food was not prepared according to the kosher requirements. Specifically, serving utensils that were reserved for the kosher food preparation were improperly cleaned with non-kosher utensils.
> We have previously recognized that an inmate's right to free exercise of religion includes the right to a diet that conforms with their religious beliefs. *See Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir.2002). Nonetheless, we agree with the district court that Gallagher has failed to state a claim upon which relief can be granted. Upon reviewing the pleadings, Gallagher has alleged a single violation of his kosher diet, not a prison policy. Taking Gallagher's allegations as true, the fact that the utensils were not properly washed indicates that the defendants imperfectly implemented the kosher requirements, or were even negligent in implementing his kosher diet. But there is no basis to conclude that any of the defendants deliberately contaminated the kosher utensils, in violation of Gallagher's right to free exercise of religion, or that defendants repeatedly violated kosher requirements.
> As discussed above, such an isolated act of negligence does not support a claim that Gallagher was denied his First Amendment right to free exercise of religion. *See White*, 1993 WL 53098, at *2 (finding

> no support for the claim that an "isolated occurrence" of being given a meal that did not comply with the plaintiff's religious dietary requirements "amounted to a deprivation of Constitutional rights"). We agree with the district court that Count II failed to state a claim upon which relief could be granted. Therefore, Count II was properly dismissed.

*Gallagher v. Shelton*, 587 F.3d at 1070–71. At most, the plaintiff has alleged no more than isolated acts of negligence in responding to his requests. They do not constitute conscious or intentional interference with the plaintiff's free exercise rights. The plaintiff's allegation that his requests were not timely addressed "does not support a claim that the defendants substantially burdened his religious beliefs." *Id.* at 1070. Additionally, in light of the *Martinez* report and the pending motions to dismiss, the plaintiff utterly fails to come forward with any non-speculative and plausible allegations that SCDC's kitchen does not comply with kosher requirements in the preparation of his CRD meals. Finding that the plaintiff's amended complaint fails to state a claim for relief, the defendants' uncontested motions to dismiss shall be granted.

IT IS THEREFORE ORDERED that after reviewing the uncontested motions to dismiss filed by the defendant Fletcher (ECF# 14) and the defendants Cole and Phelps (ECF#16) and after applying the Rule 12(b)(6) standards to the allegations of the plaintiff's amended complaint, the court grants the defendants' motions as uncontested because the remaining count one of the plaintiff's amended complaint fails to state a claim upon relief can be granted.

Dated this 20th day of July, 2018, Topeka, Kansas.

                s/Sam A. Crow
                Sam A. Crow, U.S. District Senior Judge